IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keri Sherman, | No. CV-26-02932-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Xenia Hotels and Resorts Incorporated, et al., | |
| Defendants. | |

On May 27, 2026, the Court issued an Order Setting Rule 16 Scheduling Conference, in which the Court set a Rule 16 Scheduling Conference for June 23, 2026 at 3:00 p.m. (Doc. 11.) The parties' Joint Rule 26(f) Report and Proposed Scheduling Order indicated that Plaintiff was represented solely by Robert Black of the law firm Morgan & Morgan Arizona, LLC ("Morgan & Morgan"). (*See* Doc. 12.) In a later Notice of Service of Plaintiff's Initial Disclosures, attorney Mark Iodice was added as counsel of record for Plaintiff; both he and Robert Black were listed as counsel of record. (Doc. 14.)

Neither Robert Black nor Mark Iodice attended the June 23, 2026 Rule 16 Scheduling Conference. (*See* Doc. 15.) The Court reset the Rule 16 Scheduling Conference for June 24, 2026, at 8:30 a.m. and ordered Robert Black and Mark Iodice to show cause why they and Morgan & Morgan should not be sanctioned in the amount of $10,000, jointly and severally, pursuant to Federal Rule of Civil Procedure 16(f) and the Court's inherent authority. (Doc. 16.)

In response to the Order to Show Cause, Mark Iodice filed a declaration in which

he stated that he was admitted to practice before this Court only one week prior to the Rule 16 Scheduling Conference and received access to CM/ECF and PACER at 11:00 a.m. on the day of the Rule 16 Scheduling Conference, so he did not have access to the Court's docket and did not receive notice of the Rule 16 Scheduling Conference. (Doc. 17.) He also stated that the matter was reassigned to him from Robert Black while he still lacked access to the Court's docket and orders. (*See id.*)

Robert Black also filed a declaration, in which he stated that once he learned that the case was reassigned, he informed Mark Iodice of the parties' upcoming deadline to file the Rule 26(f) report but agreed to file it because Mark Iodice would not be able to appear or substitute as counsel before then. (Doc. 18.) He also stated that his litigation assistant provided "the incoming team's support staff" with a copy of the docket and the Court's Order Setting Rule 16 Scheduling Conference, but he did not confirm that the Scheduling Conference was calendared. (*Id.*) He acknowledged that he was still counsel of record but that he did not appear at the Scheduling Conference because "the matter had been transferred." (*Id.*)

The Court finds that sanctions are warranted under Federal Rule of Civil Procedure 16(f) and the Court's inherent authority.

Accordingly, for the reasons stated on the record at the hearing held on June 24, 2026, at 8:30 a.m.,

**IT IS ORDERED** that Plaintiff's counsel, Robert Black and Mark Iodice, and the law firm of Morgan & Morgan, are jointly and severally sanctioned in the amount of $10,000 pursuant to Rule 16(f) and the Court's inherent authority.

**IT IS FURTHER ORDERED** that payment must be made to the Clerk of Court no later than **June 26, 2026**, at **12:00 p.m.**

. . . .

. . . .

. . . .

. . . .

- 2 -

**IT IS FINALLY ORDERED** that Plaintiff's counsel must file a Notice of Compliance, signed by both Robert Black and Mark Iodice, no later than **June 26, 2026**, at **5:00 p.m.**

Dated this 24th day of June, 2026.

Michael T. Liburdi
United States District Judge